PACIFIC PLYWOOD CO., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

INDEPENDENT PARTICLE BOARD EMPLOYEES, INC., Respondent.

No. 17712.

United States Court of Appeals Ninth Circuit.

March 19, 1963.

Geddes, Felker, Walton & Richmond, and James G. Richmond, Roseburg, Ore., for petitioner, Pacific Plywood Co.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Vivian Asplund, and James C. Paras, Attys., National Labor Relations Bd., Washington, D. C., for respondent.

Before MERRILL and BROWNING, Circuit Judges, and MADDEN, Judge of the Court of Claims.

PER CURIAM.

This cause is before the court upon a petition of Pacific Plywood Co. to set aside an order of the National Labor Relations Board against Pacific and against Independent Particle Board Employees, Inc., a union in Pacific's plant, the Board's answer in which it requests enforcement of that part of its order which runs against Pacific, and the Board's petition for enforcement of that part of its order which runs against Independent. The Board's decision and order are reported at 134 N.L.R.B. No. 77. The Board's jurisdiction is based on Section 10 of the National Labor Relations Act, 29 U.S.C. § 151 et seq. This court's jurisdiction is based upon paragraphs (e) and (f) of Section 10 of the same Act.

The Board found that Independent, the union, violated Section 8(b)(2) and (1)(A) of the Act by causing Pacific to discharge an employee, and that Pacific violated Section 8(a)(3) and (1) by discharging the employee. The Board's order requires Pacific and Independent to cease and desist from the unfair labor practices found and to take certain affirmative actions, including the reinstatement by Pacific of the discharged employee, and the payment to her by Pacific and Independent of reimbursement for her loss of earnings resulting from her discharge.

In this court, Pacific urges that certain pressures which were brought to bear upon it tending to cause it to discharge the employee were not pressures of the union, but those of union officers and members as individuals. There was conflicting testimony, and there were writings from which inferences had to be drawn. The Board's Trial Examiner, who observed the demeanor of the witnesses, made his findings, and the Board adopted those findings. Section 10(e) of the Act admonishes us that the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive. The Board's findings are adequately supported, hence we may not disturb them. Nor do we find merit in Pacific's complaint as to certain rulings of the Board's Trial Examiner with regard to the admission and exclusion of evidence.

The petition of Pacific Plywood Co. is denied. The petition of the National Labor Relations Board for enforcement of the order is granted.